HEIRS OF FELIPE ARCE MERCADO ET AL., Plaintiffs and Appellants, *v.* ANTONIO SIERRA, Defendant and Appellee.

No. 10048.   Argued December 1, 1949.—Decided January 30, 1950.

*Angel Rivera Colón* for appellants.   *L. Mercader* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Felipe, José, Ramona, and Dolores Arce Viera, as heirs of Felipe Arce Mercado and Elvira Viera, brought in the District Court of Arecibo a revendicatory action against Antonio Sierra.   They alleged in the complaint that their father, Felipe Arce Mercado, died in Arecibo on April 15, 1913, while married to Elvira Viera, who also died on December 16, 1940, leaving as descendants the plaintiffs, who as legitimate children, are the sole and universal heirs of the deceased; that their aforesaid parents were the owners of a parcel of land composed of 24 acres (*cuerdas*), located in the Sabana Hoyos Ward of Arecibo; that while their mother was a widow she incurred in a debt as a result of which she was compelled to give to a creditor the aforesaid farm in order that he should collect the amount due him from the fruits thereof and that

defendant Antonio Sierra, who now appears in the possession of and enjoying the farm in question was aware of all this. As a second cause of action they claimed the sum of $18,000 as fruits derived from the property referred to.

The defendant answered and alleged as a defense that the complaint does not state facts and that about the year 1918 Epifania Rodríguez Rodríguez acquired the aforesaid farm at a tax sale; that Epifania instituted a dominion proceeding and that upon its approval, the farm was recorded in her name, free of liens, on October 4, 1927; that on September 12, 1927 Epifania sold the farm to José Martínez Rodríguez who, on April 23, 1938, sold it to the defendant, the latter likewise recording his possession; that the defendant and the previous owners of the property have possessed it as owners, peacefully, quietly and uninterruptedly, and have paid taxes without objection for over thirty years.

The issue being thus joined, the case went to trial. The lower court, after taking into consideration the oral and documentary evidence offered during the course of the trial, rendered judgment overruling the complaint, with costs. Feeling aggrieved, the plaintiffs have appealed and in their brief they assign the six errors which we shall jointly discuss forthwith.

Plaintiffs' evidence was to the effect that when their father died, about 1913, the latter and their mother, were the owners of the farm of 24 acres described in the complaint; that in 1920 the heirs were pressed for money and for this reason the widow, plaintiffs' mother, borrowed the sum of $400 from Remigio Martínez Badía, delivering the farm to the latter so that he could collect his debt from the fruits and proceeds of the farm and that once the debt was paid, Martínez Badía should return the property to the conveyors; but that despite the lapse of time and notwithstanding that he has collected his credit, the farm has never been returned, and is possessed and enjoyed by the defendant Antonio Sierra. [1]

---

[1] The defendant is sometime referred to as Antonio Sierra and others as Antonio Serrano Sierra.

Defendant's evidence tended to show that on July 11, 1918 the farm in dispute was sold at a tax sale and awarded to Felícito Nieves, who, shortly therafter and on the same certificate of purchase issued by the Collector, conveyed it to Epifania Rodríguez Rodríguez, who subsequently instituted a possessory proceeding which was approved by an order of court dated February 3, 1920 and duly recorded shortly thereafter in the Registry of Property; that on October 12, 1927 Epifania sold the farm in question by public deed and through Martínez Badía to José Martínez Rodríguez, an illegitimate child of the Rodríguez woman and the latter; and that in 1938 Martínez Rodríguez sold the property to the defendant.

The documentary evidence contained in the record also discloses that the distress proceeding for the collection of taxes instituted against the Heirs of Arce was notified to one Juan Vélez, as the person in charge of the farm; that on August 7, 1919 Attorney Luis Mercader, on behalf of the widow—and the latter as representative of the heirs—addressed the Treasurer of Puerto Rico claiming the difference between the amount of the taxes for which the farm was sold [2] and the amount for which it was awarded by the Collector; and that twelve days later a check to this effect in the amount of $106.23 was sent to said attorney who acknowledged receipt thereof; and that apparently said property was redeemed on February 17, 1920.[3]

On the basis of this evidence, as we have indicated, the lower court dismissed the complaint and imposed the costs on the plaintiffs, stating at the close of its opinion that:

---

[2] An attorney is always presumed to act in behalf of the person for whom he appears. *Miranda* v. *Pesquera*, 49 P.R.R. 231; *Vallines* v. *Sánchez*, 49 P.R.R. 724; *Asociación Padres Capuchinos* v. *District Court*, 44 P.R.R. 654, 662.

[3] We say "apparently" because redemption was not exercised within one year from the date of the certificate of purchase and because on the back thereof there does not appear duly issued and before a notary public, the receipt for the money paid to redeem the property pursuant to § 347 of the Political Code. See, however, *Vélez* v. *Ramos*, 65 P.R.R. 732.

"What the plaintiffs had to prove in order to defend themselves from the plea of prescription is that Sierra knew that the heirs redeemed the farm and that Epifania first, as well as Martínez later, were possessing in bad faith. That does not appear from the evidence."

We agree with the appellants that the sale at public auction lacked validity, because the distress proceeding was notified only to Juan Vélez, as the person in charge of the property and not to each and every heir. Sections 336 and 342 of the Political Code. *González* v. *Heirs of Díaz*, 69 P.R.R. 598, 605; *Adorno* v. *Registrar*, 63 P.R.R. 216; *Cortés* v. *Registrar*, 58 P.R.R. 13. Cf. *González* v. *Heirs of Díaz*, *supra*, at page 612. However, if the heirs redeemed the property, we fail to see any relevancy in the fact that the distress proceeding was not notified to the persons indicated by law.

In fact a careful and thorough reading of the record here has not clearly shown whether defendant's title issues from a person who acquired the farm from another who was awarded the same at a public auction or whether, on the contrary, it flows from somebody who obtained the property when it was delivered to him in payment or by virtue of an antichresis contract. Nevertheless, be it as it may, the plaintiff in a revendicatory action should establish his case with strong and convincing evidence and should not rely on the weakness of his adversary's title. *Heirs of Meléndez* v. *Almodóvar*, *ante*, pp. 500, 505.

Good faith is always presumed, and any person averring bad faith on the part of a possessor is bound to prove the same. Section 364 of the Civil Code, 1930 ed. The plaintiffs' evidence did in no way show that Sierra's possession was in bad faith. Sierra's evidence tended to show that he possessed with just title, as owner, publicly, peacefully and uninterruptedly. The evidence undoubtedly supports the finding of the lower court. See *Revista de Derecho Privado*, Vol. 23,

p. 305. If possession in the aforesaid manner was extended over a period of over ten years, the plaintiffs' action has prescribed. Section 1857 of the Civil Code, 1930 ed.; *Larracuente* v. *Fabián*, 56 P.R.R. 743; *Calderón* v. *Sociedad Auxilio Mutuo*, 42 P.R.R. 400; *Martorell et al.* v. *J. Ochoa & Brother*, 25 P.R.R. 707; *González* v. *Collazo*, 22 P.R.R. 576.

None of the errors assigned having been committed, the judgment appealed from will be affirmed.